1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  DANNY JAMES COHEA,                            CASE NO. 1:08-cv-01186-LJO-WMW PC

10                        Plaintiff,             ORDER REQUIRING PLAINTIFF TO FILE
                                                 AMENDED COMPLAINT OR TO NOTIFY
11         v.                                    COURT OF WILLINGNESS TO PROCEED
                                                 ONLY ON CLAIMS FOUND TO BE
12  D. ADAMS, et al.,                            COGNIZABLE

13                        Defendants.            (Doc. 1)

14  _____/            RESPONSE DUE WITHIN 30 DAYS

15

16         Plaintiff Danny James Cohea ("Plaintiff") is a state prisoner proceeding pro se and in forma

17  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is in the custody of the

18  California Department of Corrections and Rehabilitations and is currently incarcerated at the

19  California State Prison in Corcoran, California ("CSP-Corcoran").  Plaintiff is suing under section

20  1983 for violations of his rights under the First and Fourteenth Amendments.  Plaintiff names D.

21  Adams (warden, CSP-Corcoran), J. Jones (correctional counselor II), N. Hicinbothem (correctional

22  counselor II), N. Kush (licensed vocational nurse), J. Guzman (library technical assistant), I. Vela-

23  Lopez (correctional officer), and Does 1-5 as defendants.

24  **I.    Screening Requirement**

25         The Court is required to screen complaints brought by prisoners seeking relief against a

26  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

3  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

4  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

6  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.

7  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

8  plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

9  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

10  grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

11  standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330

12  n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

13  of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

14  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

15  **II.     Background**

16        Plaintiff was transferred from California State Prison - Calipatria ("CSP-Calipatria") to CSP-

17  Corcoran in January 2008.  At the time, Plaintiff had several pending lawsuits.  Plaintiff's legal

18  materials were confiscated by CSP-Calipatria prison officials to be packed and transferred with

19  Plaintiff to CSP-Corcoran.  After he arrived at Corcoran, Plaintiff immediately submitted several

20  requests for access to his legal materials as well as access to the law library to prepare pleadings for

21  his numerous lawsuits.  Plaintiff did not receive access to his legal materials or access to the law

22  library and began filing administrative grievances regarding the access denials in February 2008.

23  Plaintiff was not given access to the law library until March 3, 2008.

24        Plaintiff's legal materials were being stored in 22 boxes in the law library.  Plaintiff requested

25  that his 22 boxes of legal materials be transferred to his housing unit but his request was denied by

26  Defendant Vela-Lopez.  Defendant Vela-Lopez gave Plaintiff five days (March 3, 4, 6, 10 and 11)

27  to sort through the 22 boxes to retrieve whatever documents he needed.  When Plaintiff requested

28  the release of all his legal materials again, Defendant Vela-Lopez told Plaintiff that "he should have

1  thought about that before he filed all those complaints about getting to the law library". (Compl. 8.)

2  Plaintiff's time in the law library was further limited because he would be escorted to the law library

3  late, or removed from the law library early.  On one occasion, Defendant Vela-Lopez fabricated a

4  rules violation report ("RVR") in order to have Plaintiff escorted from the law library early.

5      Since the five days Plaintiff was given in March to sort through his 22 boxes of legal

6  materials, Plaintiff was only given access to the law library once, on June 30, 2008.  Due to the

7  limited amount of time that Plaintiff was given in the law library to work on his pending lawsuits,

8  Plaintiff missed a number of filing deadlines.

9  **III.    Discussion**

10     **A.    Retaliation Claim**

11     Plaintiff alleges that Defendants retaliated against him because he filed inmate grievances

12  regarding his access to the law library.  In the prison context, allegations of retaliation against a

13  prisoner's First Amendment rights to speech or to petition the government may support a section

14  1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v.

15  Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "[A]

16  viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state

17  actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct,

18  and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the

19  action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d

20  559, 567-68 (9th Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right

21  to file a prison grievance is sufficient to support a claim under section 1983.  Bruce v. Ylst, 351 F.3d

22  1283, 1288 (9th Cir. 2003).

23     Plaintiff alleges that Defendant Vela-Lopez retaliated against Plaintiff by fabricating a RVR

24  because Plaintiff filed inmate grievances regarding access to the law library.  Defendant Kush

25  retaliated against Plaintiff by filing a false medical report in support of Defendant Vela-Lopez's

26  RVR.  Defendants Jones, Hicinbothem and Does 1-5 deliberately failed to investigate Plaintiff's

27  grievances against Defendants Vela-Lopez and Kush in retaliation against Plaintiff filing grievances.

28  Therefore, Plaintiff states a cognizable claim for retaliation against Defendants Vela-Lopez, Kush,

1    Jones, Hicinbothem, and Does 1-5.

2         **B.      Access to Courts Claim**

3         Plaintiff alleges that Defendants interfered with his right of access to the courts.  Prisoners

4    have a constitutional right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996);

5    Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995)

6    (discussing the right in the context of prison grievance procedures); Vandelft v. Moses, 31 F.3d 794,

7    796 (9th Cir. 1994); Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1989) (per curiam).  To establish

8    a violation of the right of access to the courts, a prisoner must establish that he or she has suffered

9    an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be

10   waived.  See Lewis, 518 U.S. at 349.  An "actual injury" is "'actual prejudice with respect to

11   contemplated or existing litigation, such as the inability to meet a filing deadline or to present a

12   claim.'"  Id. at 348.

13        Plaintiff alleges that he was unable to meet filing deadlines in his lawsuits because he was

14   not given sufficient access to his legal materials and the law library.  Defendant Vela-Lopez

15   interfered with his access to the courts because she denied Plaintiff sufficient law library access and

16   refused to give Plaintiff sufficient access to his legal materials.  Defendants Jones and Hicinbothem

17   interfered with Plaintiff's access to the courts because Plaintiff attempted to gain access to the law

18   library through the inmate grievance process but his requests were denied by Defendants Jones and

19   Hicinbothem.  Defendant Adams interfered with his access to the courts because he instituted a

20   budgetary policy that allocated insufficient funds to the prison's law library, resulting in the prison's

21   law library being insufficient to meet the needs of all the prisoners at CSP-Corcoran. As a result,

22   Plaintiff was unable to meet his filing deadlines.  Therefore, Plaintiff states a cognizable claim for

23   interfering with his right of access to the courts against Defendants Vela-Lopez, Jones, Hicinbothem,

24   and Adams.

25        **C.      Due Process Claim**

26        Plaintiff alleges that Defendants violated his due process rights under the Fourteenth

27   Amendment.  The Due Process Clause protects prisoners from being deprived of liberty without due

28   process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action

1    for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for

2    which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or

3    from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Liberty interests created by state law

4    are generally limited to freedom from restraint which "imposes atypical and significant hardship on

5    the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484

6    (1995).

7         Plaintiff alleges that his due process rights were violated when he was issued a false RVR

8    and again when Defendants failed to diligently investigate his inmate grievances regarding

9    Defendant Vela-Lopez's misconduct.  Plaintiff has failed to allege what, if any, liberty interests he

10   was deprived of as a result of Defendants' misconduct.  In other words, Plaintiff has not alleged what

11   harm, if any, he had suffered as a result of the false RVR or Defendants' failure to investigate

12   Plaintiff's inmate grievances.  Improper or fraudulent conduct in the processing of RVRs or inmate

13   grievances is not in itself a violation of due process.  "[A prison] grievance procedure is a procedural

14   right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d

15   494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also

16   Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals

17   because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th

18   Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v.

19   Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty

20   interest requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez v.

21   DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Conduct

22   in processing RVRs and inmate grievances will only implicate the Due Process Clause if liberty

23   interests are at stake.  Plaintiff has failed to allege that he was deprived of any liberty interests,

24   therefore, he fails to state a cognizable claim for a due process violation.

25        **D.    Equal Protection Claim**

26        Plaintiff alleges that Defendants violated his rights under the Equal Protection Clause of the

27   Fourteenth Amendment.  The Equal Protection Clause requires that persons who are similarly

28   situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439

1   (1985).  A plaintiff may establish an equal protection claim by showing that the defendant was

2   intentionally discriminated against on the basis of the plaintiff's membership in a protected class.

3   See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001).  Under this theory of equal

4   protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's

5   membership in a suspect class, such as race.  Thornton v. City of St. Helens, 425 F.3d 1158, 1167

6   (9th Cir.2005).  Plaintiff has not alleged that he was discriminated against as a result of his

7   membership in a suspect class.

8        If the action in question does not involve a suspect classification, a plaintiff may establish

9   an equal protection claim by showing that similarly situated individuals were intentionally treated

10  differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook v.

11  Olech, 528 U.S. 562, 564 (2000);  San Antonio School District v. Rodriguez, 411 U.S. 1 (1972);

12  Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004);  SeaRiver Mar. Fin.

13  Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002).  To state an equal protection claim under

14  this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the

15  plaintiff was intentionally treated differently from others similarly situated; and (3) there is no

16  rational basis for the difference in treatment.  Village of Willowbrook, 528 U.S. at 564.  Plaintiff has

17  not alleged that he was intentionally treated differently from others.  Plaintiff has not alleged any

18  facts that suggest that he was discriminated in any way, other than his blank allegations that

19  Defendants violated his equal protection rights.  Therefore, Plaintiff has failed to state a cognizable

20  claim for an equal protection violation.

21  **IV.      Conclusion and Order**

22       Plaintiff's complaint states cognizable claims against Defendants Vela-Lopez, Kush, Jones,

23  Hicinbothem, and Does 1-5 for retaliation and against Defendants Vela-Lopez, Jones, Hicinbothem,

24  and Adams for interfering with Plaintiff's right of access to the courts.  Plaintiff's complaint fails

25  to state claims against any other defendants.  The Court will provide Plaintiff with the opportunity

26  to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v.

27  Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by

28  adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th

1    Cir. 2007) (no "buckshot" complaints).

2         If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

3    on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and

4    the Court will issue a recommendation for dismissal of the other claims and defendants, and will

5    forward Plaintiff five (5) summonses and five (5) USM-285 forms for completion and return.  Upon

6    receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

7         Finally, Plaintiff is advised that an amended complaint supercedes the original complaint.

8    Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

9    (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior

10   or superceded pleading."  Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged

11   in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d

12   at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth,

13   114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint

14   must be completely stated again in the amended complaint.

15        Based on the foregoing, it is HEREBY ORDERED that:

16        1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

17        2.    Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

18              a.    File an amended complaint curing the deficiencies identified by the Court in

19                    this order, or

20              b.    Notify the Court in writing that he does not wish to file an amended

21                    complaint and wishes to proceed only against Defendants Vela-Lopez, Kush,

22                    Jones, Hicinbothem, and Does 1-5 for retaliation and against Defendants

23                    Vela-Lopez, Jones, Hicinbothem, and Adams for interfering with Plaintiff's

24                    right of access to the courts; and

25        3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to

26              obey a court order.

27   IT IS SO ORDERED.

28   **Dated:    February 26, 2009                    /s/  William M. Wunderlich**

7

1    UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28