1
2
3
4
5   # UNITED STATES DISTRICT COURT
6   ## EASTERN DISTRICT OF CALIFORNIA
7
8   DANNY JAMES COHEA,                          CASE NO. 1:08-cv-01186-LJO-YNP PC

                          Plaintiff,           ORDER   GRANTING   MOTION   FOR
9                                              RECONSIDERATION
        v.
10                                             (Doc. 27)
    D. ADAMS, et al.,
11                                                            and
                          Defendants.
12                                             ORDER VACATING COURT ORDERS

13                                             (Doc. 19, 23, 24, 26)

14   _____/

15
16          Plaintiff Danny James Cohea ("Plaintiff") is a state prisoner proceeding pro se and in forma
17   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court is Plaintiff's
18   motion for reconsideration seeking relief from the Court's September 15, 2009 order dismissing
19   some of Plaintiff's claims.  The Court will grant Plaintiff's motion for reconsideration and vacate
20   all orders related to the Findings and Recommendations recommending dismissal of Plaintiff's
21   claims.

    I.   __Plaintiff's Motion for Reconsideration__
22
23          On August 13, 2008, Plaintiff filed the complaint in this action.  (Doc. #1.)  On February 26,
24   2009, the Court screened Plaintiff's complaint and found that it stated some cognizable claims and
25   other non-cognizable claims. (Doc. #12.)  Plaintiff was ordered to proceed in one of two ways: 1)
26   notify the Court that he wished to _only_ proceed on the claims found cognizable in the Court's
27   February 26, 2009 order; or 2) file an amended complaint that attempted to cure the deficiencies in
28   his claims.  Rather than choose one of the two available options, Plaintiff filed a "reply" on March

27, 2009. (Doc. #13.) Plaintiff asked for reconsideration of the screening order and argued that all his claims were cognizable.  On May 5, 2009, the Court informed Plaintiff that if he believed that his claims were cognizable, he should file an amended complaint rather than a motion for reconsideration.  The Court again gave Plaintiff the two options of either proceeding only on the cognizable claims, or filing an amended complaint.  On June 4, 2009, Plaintiff notified the Court that he wished to proceed on the cognizable claims.  (Doc. #17.)

On August 13, 2009, the Magistrate Judge assigned to this case issued a Findings and Recommendations that recommended the dismissal of Plaintiff's non-cognizable claims. (Doc. #19.) On September 4, 2009, Plaintiff filed objections to the Findings and Recommendations and argued that his non-cognizable claims were cognizable. (Doc. #22.)  On September 15, 2009, the Court adopted the Magistrate Judge's Findings and Recommendations and dismissed the non-cognizable claims in Plaintiff's complaint. (Doc. #26.)  The Court erroneously stated that Plaintiff did not file any objections to the Findings and Recommendations.  On September 22, 2009, Plaintiff filed his motion for reconsideration, arguing that the Court overlooked his objections. (Doc. #27.)

**II.    Discussion**

Plaintiff seeks reconsideration of the Court's September 15, 2009 order adopting the Magistrate Judge's Findings and Recommendations and dismissing certain claims from this action. Federal Rule of Civil Procedure 60(b) permits the Court to relieve a party from a final order due to "mistake, inadvertence, surprise, or excusable neglect."  The failure of the Court to consider Plaintiff's objections to the Magistrate Judge's Findings and Recommendations was an inadvertent mistake by the Court.

However, the Court advises Plaintiff that his June 4, 2009 notice to the Court to proceed on the claims found to be cognizable constituted voluntary dismissal of all other claims.  The Court's February 26, 2009 order only gave Plaintiff the two options of proceeding <u>only</u> on the claims found to be cognizable or filing an amended complaint curing the deficiencies in his non-cognizable claims.  Thus, if Plaintiff had any objections related to the merits of his claim, the proper course of

///

action was to file an amended complaint.  Plaintiff was not given the option to proceed on the

2

1 cognizable claims and fix his other claims later.

2        While the Court's May 5, 2009 order reiterated the fact that Plaintiff only had two options,

3 it did not specifically inform Plaintiff that proceeding only on the cognizable claims would result in

4 the dismissal of all other claims.  Plaintiff apparently thought that he could proceed on the

5 cognizable claims and fix the non-cognizable claims later, and objected when the Magistrate Judge

6 recommended dismissal of his non-cognizable claims.  Given the apparent ambiguity in the Court's

7 orders, the liberal treatment of pro se pleadings, and the longstanding rule that leave to amend should

8 be granted if it is at all possible that the plaintiff can correct the defects in his claims, <u>Lopez v.

9 Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000), the Court will vacate its prior orders dismissing

10 Plaintiff's claims.  Plaintiff will again be presented with two options: 1) proceed <u>only</u> on the claims

11 found by the Court to be cognizable in its February 26, 2009 order; or 2) file an amended complaint

12 curing the deficiencies in his claims.  Plaintiff is warned that if he chooses the first option and

13 notifies the Court that he wishes to proceed <u>only</u> on the cognizable claims, <u>all other claims will be

14 dismissed and this action will only proceed on the claims found to be cognizable in the Court's

15 February 26, 2009 order</u>.  If Plaintiff believes that all of his claims are cognizable and wishes to

16 pursue all of his claims, he should file an amended complaint.

17        Further, because the Court is vacating its orders dismissing Plaintiff's non-cognizable claims

18 and finding service of Plaintiff's complaint appropriate on Plaintiff's other claims, the Court must

19 also vacate its order directing the U.S. Marshal to serve Defendants with a copy of Plaintiff's

20 complaint.  If Plaintiff opts to file an amended complaint, the Court must screen Plaintiff's amended

21 complaint before the amended complaint may be served on Defendants.

22 **III.  <u>Conclusion and Order</u>**

23        The Court finds that Plaintiff is entitled to reconsideration and relief from the Court's

24 September 15, 2009 order.  The Court will vacate its order dismissing Plaintiff's complaint and give

25 Plaintiff the option of: 1) proceeding <u>only</u> on the claims found by the Court to be cognizable in its

26 February 26, 2009 order; or 2) filing an amended complaint curing the deficiencies in his claims.

27 As a result, the Court will 1) vacate its September 15, 2009 order dismissing Plaintiff's claims; 2)

28 vacate its August 13, 2009 Findings and Recommendations recommending dismissal of Plaintiff's

3

claims; 3) vacate its September 8, 2009 order directing the U.S. Marshal to serve Plaintiff's complaint on Defendants; and 4) vacate its September 8, 2009 order re consent or request for reassignment.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff five (5) summonses and five (5) USM-285 forms for completion and return.[1]  Upon receipt of the forms, the Court will again direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that ///

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1]The February 26, 2009 order found that Plaintiff stated claims against five named defendants as well as "Does 1-5."  The Court will only provide service documents for the named defendants.  The United States Marshal cannot initiate service of process on unidentified defendants.  The Court will provide Plaintiff with appropriate service documents after the Plaintiff ascertains the identities of Does 1-5.

alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on September 22, 2009, is GRANTED;

2. The Court's September 15, 2009 order adopting the Magistrate Judge's Findings and Recommendations is VACATED;

3. The Court's September 8, 2009 order re consent or request for reassignment is VACATED;

4. The Court's September 8, 2009 order direction the U.S. Marshal to serve Plaintiff's complaint is VACATED;

5. The Court's August 13, 2009 Findings and Recommendations is VACATED;

6. The Clerk of the Court is directed to forward one copy of this order to the U.S. Marshal Service;

7. The Clerk's Office shall send Plaintiff a civil rights complaint form;

8. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed **only** on the claims identified as cognizable in the Court's February 26, 2009 screening order, or

    b. File an amended complaint curing the deficiencies identified by the Court in its February 26, 2009 screening order; and

9.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to

obey a court order.

IT IS SO ORDERED.

**Dated:**    **November 17, 2009**                      **/s/ Lawrence J. O'Neill**
                                                          UNITED STATES DISTRICT JUDGE