# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, | CASE NO. 1:08-cv-01186-LJO-YNP PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | (Doc. 2, 11, 25) |
| D. ADAMS, et al., | OBJECTIONS DUE WITHIN 30 DAYS |
| Defendants. | |

Plaintiff Danny James Cohea ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for a temporary restraining order filed on August 13, 2008.[1]

**I.    Plaintiff's Motion**

Plaintiff complains that he has made numerous requests for law library access at California State Prison-Corcoran ("CSP-Corcoran") so that he can prepare pleadings for his federal cases. Plaintiff complains that he has been denied access to the library and has only received access once since January 26, 2008. Plaintiff characterizes the denials as retaliatory and claims that prison officials are suppressing his inmate grievances complaining about his inability to access the law library. Plaintiff claims that if the Court fails to issue a temporary restraining order compelling prison officials to give Plaintiff access to the law library, prison officials will continue to obstruct

---

[1] Plaintiff has also filed two related requests for mandamus relief requesting the Court to rule on Plaintiff's motion for a temporary restraining order. Because this Findings and Recommendations address the motion, the Court recommends that Plaintiff's requests for mandamus relief will be denied as moot.

1

Plaintiff's access to the Courts. Plaintiff, in a footnote in his motion, also requests that this litigation proceed as a class action.

## II. Discussion

### A. Temporary Restraining Order

Plaintiff seeks a temporary restraining order requiring prison officials to give Plaintiff access to the prison law library. Under Federal Rule of Civil Procedure 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Any order granting Plaintiff's requested relief would be without written or oral notice to the adverse party because Defendants have not yet made an appearance in this action. Plaintiff claims that he "served a copy of this request for TRO relief on August 10, 2008 upon Defendant D. Adams, the warden of California State Prison-Corcoran." (Ex Parte Mot. for TRO Forthwith 2:8-10.) Plaintiff does not allege that he attempted service on any other Defendants. Nor does Plaintiff describe how service was effected. Plaintiff has not submitted a declaration of affidavit sworn under penalty of perjury describing his attempts to serve Defendants with a copy of this motion. Thus, the Court is unable to determine whether Plaintiff's attempt at service was proper. The Court finds that Plaintiff has failed to demonstrate that he has made adequate attempts to give notice of this motion, nor has Plaintiff provided any argument as to why notice should not be required.

Plaintiff provides only general allegations that he has cases before the federal courts, his cases have deadlines, and he is not getting sufficient law library access. The Court first advises Plaintiff that if he has deadlines in his other cases, he should seek equitable relief through motions filed in those cases for access to the law library. The purpose of preliminary injunctive relief is to preserve the status quo of the parties. If prison officials are threatening Plaintiff's ability to litigate his other cases, Plaintiff must seek relief via motions in those cases. In ruling on this motion for a temporary restraining order, the Court will only consider immediate and irreparable injury with respect to Plaintiff's ability to litigate this case.

Further, Plaintiff has failed to plead <u>specific</u> facts that show how Plaintiff will suffer immediate injury in the absence of intervention by the Court in this case. Plaintiff only alleges that he has not received enough time in the law library. Plaintiff does not specifically identify any pending deadlines in this case, nor does Plaintiff specifically identify why he needs law library access. The Court will not assume that all prisoners who do not receive some arbitrary number of hours in the law library will suffer immediate and irreparable injury. The Court notes that prisoners do not possess a constitutional right to access to a law library. <u>Lewis</u>, 518 U.S. at 350. Prisoners have a right of access to the courts and a law library is "merely 'one constitutionally acceptable method to assure meaningful access to the courts'". <u>Lewis</u>, 518 U.S. at 351 (quoting <u>Bounds</u>, 430 U.S. at 830)). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." <u>Id.</u> Thus, allegations that a prisoner was denied access to the law library is not enough to state a claim for interference with access to the courts. An access-to-courts claim centers around the actual injury a prisoner suffered with respect to contemplated or existing litigation, and not on the fact that the prisoner was denied time in the law library, or was removed from the law library prematurely. Plaintiff must support his motion for a temporary restraining order with certain minimal details, such as what specific deadline he is facing, what type of pleading he has to prepare, what law library resources he needs, and how much time in the law library he needs. The Court cannot determine whether Plaintiff faces relevant immediate injury unless Plaintiff can provide the Court with these details.

Plaintiff must also support his motion with allegations demonstrating that any immediate injury will be <u>irreparable</u>. In the context of access to courts cases, Plaintiff must demonstrate that other avenues of relief are not adequate, such as requesting an extension of time with the Court due to wrongdoing by Defendants. Plaintiff must also demonstrate that any prejudice he would suffer in his cases due to insufficient access to the law library is incapable of being adequately remedied via appeal or a separate 1983 lawsuit. Plaintiff is not entitled to a temporary restraining order if the injury he suffers is capable of being remedied after the fact.

///

Further, with respect to motions for a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2). Plaintiff's motion for a temporary restraining order is not supported by any evidence that the relief sought is narrowly drawn, extends no further than necessary to correct the harm, and is the least intrusive means necessary to correct the harm.

The Court finds that Plaintiff has failed to demonstrate that he will suffer immediate and irreparable injury in the absence of the Court's intervention. Further, the Court also finds that Plaintiff has failed to demonstrate that the relief he seeks is narrowly drawn, extends no further than necessary to correct the harm, and is the least intrusive means necessary to correct the harm. Accordingly, the Court finds that Plaintiff fails to meet the requirements for obtaining a temporary restraining order.

**B.     Class Certification**

Plaintiff seeks certification of this litigation as a class action. (Mot. for TRO 5 n.1.) Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff.

**III.     Conclusion and Recommendation**

The Court finds that Plaintiff is not entitled to a temporary restraining order. Plaintiff has not demonstrated that he faces immediate and irreparable injury. Plaintiff's two petitions for a writ

4

of mandamus requesting that the Court rule on Plaintiff's motion for a temporary injunction should be denied as moot, as this Findings and Recommendation addresses Plaintiff's motion. The Court also finds that this action should not be certified as a class action.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for a temporary restraining order, filed on August 13, 2008, be DENIED;

2. Plaintiff's petitions for a writ of mandamus, filed on October 16, 2008 and September 8, 2009, be DENIED; and

3. Plaintiff's request for this action to be certified as a class action be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 18, 2009**          /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE