# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

        Plaintiff,

    v.

D. ADAMS, et al.,

        Defendants.

CASE NO. 1:08-cv-01186-LJO-YNP PC

ORDER

---

Plaintiff Danny James Cohea ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's "Notification to Proceed on Cognizable Claims; and Plaintiff's Request for the Court to Reinstate Order Directing Service Issued on September 8, 2009 (CO 23.)." and Plaintiff's "Request of Further Clarification of the Court's Order Granting Reconsideration and Vacate Order (CO 30); and Proceed on Found Cognizable Claims." Plaintiff filed these notices/requests on November 30, 2009. (Doc. #32, 33.)

**I.  Background**

Plaintiff filed the complaint in this action on August 13, 2008. (Doc. #1.) On February 26, 2009, the Court screened Plaintiff's complaint. (Doc. #12.) The Court found that the complaint stated some cognizable claims and that the remaining claims were not cognizable. Plaintiff was ordered to either proceed only on the cognizable claims, or to file an amended complaint that cured the deficiencies in the noncognizable claims. On March 27, 2009, Plaintiff filed a response that requested that the Court proceed on the cognizable claims and reconsider Plaintiff's non-cognizable

1

1 claims. (Doc. #13.) On May 5, 2009, the Court informed Plaintiff that it would not reconsider the
2 non-cognizable claims and that Plaintiff could alternatively clarify his claims in an amended
3 complaint and the Court would screen his amended complaint. (Doc. #16.) Alternatively, the Court
4 also granted Plaintiff the option to voluntarily abandon the non-cognizable claims and proceed only
5 on the claims found to be cognizable. On June 4, 2009, Plaintiff informed the Court that he wished
6 to proceed on the claims found to be cognizable. (Doc. #17.)

7 The Court construed Plaintiff's notice as consent to voluntarily abandon the non-cognizable
8 claims and only proceed on the cognizable claims. Although Plaintiff did not specifically state that
9 he wished to proceed <u>only</u> on the cognizable claims, or that he consented to voluntary dismissal of
10 the non-cognizable claims, this assumption was premised on the fact that Plaintiff was <u>only given</u>
11 <u>two options</u>: proceed only on the cognizable claims, or clarify his claims in an amended pleading.
12 On September 4, 2009 Plaintiff filed an objection after the Court recommended that the non-
13 cognizable claims be dismissed. Plaintiff apparently believed that he could sneak by the Court's
14 directives by proceeding on the cognizable claims and later objecting to the dismissal of the non-
15 cognizable claims.

16 Giving Plaintiff the benefit of the doubt despite his repeated attempts to subvert the orders
17 given by the Court, the Court vacated its orders allowing Plaintiff to proceed only on the cognizable
18 claims and dismissing the claims found to be non-cognizable. (Doc. #30.) The Court essentially
19 gave Plaintiff another chance and reset the procedural clock to the point before Plaintiff informed
20 the Court of his desire to proceed on the cognizable claims. The Court carefully informed Plaintiff
21 that he has two options: either move forward on only the cognizable claims, or attempt to remedy
22 his non-cognizable claims by filing an amended complaint.

23 On November 30, 2009, Plaintiff filed a notice to the Court expressing his desire to proceed
24 on the cognizable claims while simultaneously requesting "clarification" or reconsideration of the
25 Court's screening of his non-cognizable claims. (Doc. #32, 33.)

26 **II.    Discussion**

27 Plaintiff's request argues that the Court has continuously refused to inform Plaintiff of the
28 specific deficiencies in the claims that were found to be non-cognizable. Plaintiff specifically refers

to his claims against Defendant J. Guzman and Plaintiff's "Third Cause of Action." Plaintiff argues that his claims against Guzman and his "Third Cause of Action" cannot be dismissed by the Court because he was not given specific notice of the deficiencies in those claims. Plaintiff further argues that the claims he is attempting to assert against Guzman and under his "Third Cause of Action" are cognizable and he is entitled to proceeding on all of the claims stated in his complaint. Plaintiff requests that he be allowed to proceed on the claims found to be cognizable and that the Court allow Plaintiff to proceed on the claims that it previously found to be non-cognizable.

### A.     Plaintiff's "Third Cause of Action"

Plaintiff's complaint is broadly divided into three "Causes of Action". The "First Cause of Action" is titled "Access to the Courts Violations First and Fourteenth Amendments Due Process and Equal Protection Clauses" and spans approximately 17 pages. (Compl. 4-20.) The "Second Cause of Action" is titled "Access to the Courts Violations First and Fourteenth Amendments Retaliation for Free Protected Speech" and spans approximately 10 pages. (Compl. 20-29.) The "Third Cause of Action" is titled "First and Fourteenth Amendments Violations Conspiracy to Circumvent the Administrative Grievance Procedures in Retaliation" and spans approximately 8 pages. (Compl. 29-36.) Although Plaintiff provided a separate "Statement of the Case" in his complaint, the facts of his case are mostly alleged under his three "Causes of Action."

Given the tremendously unhelpful and nonsensical nature of Plaintiff's "Causes of Action," the Court analyzed Plaintiff's claims under the more proper causes of action and legal theories that apply to Plaintiff's allegations. Plaintiff's stated "Causes of Action" are nothing more than nonsensical legal jargon thrown together in grammatically incorrect phrases. Rather than insult Plaintiff, the Court refrained from explicitly informing Plaintiff of the nonsensical nature of his "Causes of Action" and instead liberally construed Plaintiff's complaint and analyzed Plaintiff's claims under the more traditionally accepted legal theories. Plaintiff's claims were analyzed as (1) claims for retaliation under the First Amendment, (2) claims for interference with the constitutional right of access to the courts, (3) claims for violation of the Due Process Clause of the Fourteenth Amendment, and (4) claims for violation of the Equal Protection Clause of the Fourteenth Amendment.

The Court understands that Plaintiff is proceeding pro se and lacks the sophisticated legal training necessary to draft court pleadings. However, due to Plaintiff's insistence, the Court will specifically inform him of the deficiencies in his "Third Cause of Action." The deficiency is the fact that "First and Fourteenth Amendments Violations Conspiracy to Circumvent the Administrative Grievance Procedures in Retaliation" is not a "cause of action." It is legal gibberish.

First, the Court notes that when setting forth a claim in a complaint, it is helpful for the sake of clarity to refrain from combining multiple claims against multiple defendants under a single "cause of action." Plaintiff's "Third Cause of Action" fails to do this simple organizational task and instead arbitrarily combines elements of multiple legal theories and concepts, such as the First Amendment, the Fourteenth Amendment, retaliation, and conspiracy. Instead of attempting to untangle Plaintiff's web of legal gibberish, the Court construed Plaintiff's "Third Cause of Action" as touching upon claims for retaliation under the First Amendment and claims for violation of the Due Process Clause of the Fourteenth Amendment. Plaintiff was specifically informed that he stated cognizable claims for retaliation. Plaintiff was also specifically informed that "circumventing the administrative grievance procedure" is not a violation of due process because Plaintiff has no substantive right to a prison grievance procedure.

Plaintiff apparently complains that the Court did not address his "conspiracy" claims. The Court informs Plaintiff that the constitution does not specifically prohibit "conspiracies." If the Constitution does not provide for a cause of action for a "conspiracy," the cause of action must be derived from a statute or legal precedent. Plaintiff has not identified any statutes or case law in the section of his complaint entitled "Third Cause of Action." Plaintiff has not identified what constitutional, statutory, or common law authority grants him a separate claim for a conspiracy. Without providing a specific legal theory for his claim, the Court is unable to intelligently identify the deficiencies in his claims, other than advising Plaintiff that writing the word "conspiracy" in a complaint is not enough to state a claim.

Plaintiff does makes reference to various statutes in the caption to his complaint and alleges that these statutes have been violated in the section of his complaint entitled "Jurisdiction." (Compl. 1.) However, Plaintiff makes no attempt to apply the facts of his case to the statutes in question.

4

1  Nor does Plaintiff perform the relatively simple task of identifying what these statutes say.  Plaintiff
2  has not explained how Defendants' conduct constitutes a violation of the statutes in question.  These
3  statutes are not mentioned in Plaintiffs' "Third Cause of Action."

4   Plaintiff refers to 42 U.S.C. §§ 1985 and 1986.  Plaintiff is advised that in order to state a
5  claim under those sections, he must specifically allege how that statute applies to the facts of his
6  case.  Plaintiff cannot simply state that the statute has been violated without explaining how it was
7  violated.  The easiest way to accomplish this would be to specifically state what the statute prohibits,
8  and then stating how Defendants' actions ran afoul of the prohibitions of the statute.  Instead of
9  applying the statutes to the facts of his case, Plaintiff only provides the blank conclusion that the
10 statutes had been violated.  Section 1985(1),(2) deals with conspiracies to prevent an officer of the
11 United States from performing his/her duties and conspiracies to obstruct justice, which has no clear
12 application to this case.  Section 1985(3) concerns conspiracies to deny any person or class of
13 persons equal protection of the laws.  Plaintiff was specifically informed that he failed to state any
14 claims for violation of the Equal Protection Clause.  Since Plaintiff has not stated any cognizable
15 claims for the deprivation of equal protection of the law and has not alleged any racial or class-based
16 discriminatory intent behind Defendants' actions, Plaintiff has no claims under section 1985(3).
17 Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971).  Similarly, a violation of 42 U.S.C. § 1986
18 is premised upon a violation of section 1985 ("Every person, who, having knowledge that any of the
19 wrongs conspired to be done, and mentioned in section 1985 of this title. . . .").  Plaintiff fails to state
20 any claims for violation of section 1985 and therefore Plaintiff has no claims under section 1986.
21 Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) (citing Trerice v.
22 Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985)).

23  Plaintiff also alleges violations of 18 U.S.C. § 241, 242, 1506, 1509.  All four sections are
24 penal statutes that are generally enforced via prosecution by the proper governmental authorities,
25 such as the district attorney or U.S. attorney.  Whether to prosecute and what criminal charges to file
26 or bring are decisions that generally rest in the discretion of the prosecutor, not the court.  United
27 States v. Batchelder, 442 U.S. 114, 124 (1979); see Inmates of Attica Correctional Facility v.
28 Rockefeller, 477 F.2d 375 (2d Cir. 1973) (prosecution of state officials for alleged violation of

5

1  inmates' federal civil rights is for discretion of U.S. Attorney). Nor do criminal statutes generally
2  provide a private cause of action or a basis for civil liability. See, e.g., Aldabe v. Aldabe, 616 F.2d
3  1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241, 242 provide no private right of action and cannot form
4  basis for civil suit); Pawelek v. Paramount Studios Corp., 571 F. Supp. 1082, 1083 (N.D. Ill. 1983)
5  (no private cause of action inherent in federal criminal statutes defining civil rights violations).
6  Plaintiff has not presented any argument as to how or why the violation of any of these statutes
7  grants the victim a private cause of action. Plaintiff fails to establish any basis for civil liability for
8  the alleged violation of these statutes.

**B.      Plaintiff's Claims Against Defendant Guzman**

Plaintiff complains that the Court failed to specifically inform Plaintiff of the deficiencies in his claims against Defendant Guzman. As an initial matter, the Court informs Plaintiff that his complaint fails to specifically demonstrate how Defendant Guzman's actions resulted in a violation of his constitutional rights. Plaintiff's complaint is written in narrative fashion, the majority of the complaint being devoted to detailing the facts underlying his claim. Plaintiff then brusquely concludes that his constitutional rights were violated without explicitly applying the facts of his claims to his legal theories. The difficulty of screening Plaintiff's complaint is compounded when Plaintiff fails to plead how Defendants actions fit into his causes of action. The Court liberally construed Plaintiff's complaint and made an attempt to interpret his claims because it has an obligation to construe pro se pleadings liberally. To the extent that Plaintiff is dissatisfied with the Court's interpretation of his claims, Plaintiff has, and will be, granted the opportunity to file an amended complaint that explicitly sets forth his claims in a clear and concise fashion. Plaintiff is advised that for each individual defendant, he should clearly explain how his/her actions or inactions meet the requirements for a particular constitutional violation. Plaintiff has been provided with the appropriate legal standards for the claims that the Court has determined are applicable to the facts of his case. Plaintiff must allege how each Defendants' actions meets each element of the legal standard for a particular claim.

Guzman is the "Library Technical Assistant" at the prison Plaintiff is incarcerated in. Plaintiff claims he was not given enough time in the law library to meet his legal deadlines.

6

1  However, it is unclear how Plaintiff's limited access to the law library was caused by action or
2  inaction by Guzman.  Plaintiff does not allege that Guzman is in charge of scheduling law library
3  access time or has the authority to grant requests for access to the law library.  Plaintiff does not
4  allege what the duties of a "Library Technical Assistant" are, and it is not obvious to the Court what
5  Guzman's duties are.  Plaintiff also alleges that he sent copies of administrative appeals to Guzman.
6  However, Guzman is not alleged to be an appeals coordinator, and it is unclear how Guzman is
7  involved with the processing of administrative appeals.  Thus, it is not clear to the Court why it is
8  relevant that Guzman received copies of Plaintiff's appeals.  Further, Plaintiff has been explicitly
9  informed that he has no liberty interest in the processing of his appeals. (Order Requiring Pl. to File
10 Am. Compl. or to Notify Ct. of Willingness to Proceed Only on Claims Found to be Cognizable
11 4:25-5:24.)  Ignoring or denying an administrative appeal complaining about the wrongdoing of
12 another prison official is not in itself a constitutional violation.  However, the failure to remedy an
13 <u>ongoing</u> constitutional violation may result in liability.  In order to state a claim under this theory
14 against Guzman, Plaintiff must allege that Guzman was made aware of an ongoing constitutional
15 violation, and had the authority and opportunity to prevent the ongoing constitutional violation from
16 continuing.  In order to establish the latter, Plaintiff must specifically allege that Guzman was made
17 aware of the ongoing constitutional violation in time to prevent it.  In other words, Guzman is not
18 liable if he was informed of the wrongdoing after Plaintiff's legal deadlines had passed and his
19 claims were already dismissed.

20      **C.      Plaintiff's Notice**

21      Plaintiff was ordered by the Court to either file an amended complaint that cured the
22 deficiencies in his claims, or to notify the Court that he consents to voluntary dismissal of his non-
23 cognizable claims and wishes to proceed only on the claims found to be cognizable.  Disregarding
24 this clear directive, Plaintiff seeks to both proceed on his cognizable claims and proceed on the non-
25 cognizable claims.  The Court will not grant Plaintiff's request.

26      Plaintiff has been informed of the deficiencies in his claims.  Plaintiff's "Third Cause of
27 Action" is nonsensical legal gibberish that has no applicability to any legal theories known to the
28 Court.  Plaintiff was provided with what the Court believes to be the legal standards relevant to his

case. It is incumbent upon Plaintiff to demonstrate how his facts fit with the applicable legal standards. Plaintiff's failure to apply his facts to the correct legal standards interferes with the Court's ability to intelligently identify the deficiencies in his claims.

Plaintiff will be given the opportunity to file an amended complaint. To the extent that Plaintiff believes that his non-cognizable claims are in fact cognizable, Plaintiff is advised to <u>clearly</u> and <u>concisely</u> present his claims in an amended complaint. Plaintiff is further advised that he <u>should not</u> combine multiple legal theories and multiple defendants into a single "cause of action." Causes of action should be presented as single claims against single defendants. To the extent that Plaintiff has multiple claims against a single defendant, he should present those claims under separate "causes of action" in his complaint and succinctly describe how that Defendant's actions or inaction fits with the appropriate legal standards for a particular claim. To the extent that Plaintiff seeks to state claims against multiple defendants, Plaintiff should present his claims against each defendant in separate "causes of action" in his complaint. Plaintiff should not arbitrarily lump all his claims against all Defendants into three "causes of action" that are devoid of any legal meaning.

Plaintiff requests that the Court reinstate its order directing service on Defendants. The Court will not direct service upon Defendants until the issues with respect to Plaintiff's non-cognizable claims are resolved. These issues can either be resolved by Plaintiff filing an amended complaint that cures the deficiencies in these claims, or they can be resolved by Plaintiff notifying the Court that he consents to have these claims voluntarily dismissed from this action. Accordingly, the Court will deny Plaintiff's request to serve Defendants.

**III.     Conclusion and Order**

Plaintiff was ordered to either file an amended complaint, or to notify the Court that he wishes to proceed only on the claims found to be cognizable. Plaintiff's November 30, 2009 notice fails to follow either option. Plaintiff will again be directed to either file an amended complaint or to notify the Court of his willingness to voluntarily dismiss his non-cognizable claims and proceed only on the claims previously found to be cognizable. Plaintiff also requests that the Court reinstate its order directing the U.S. Marshal to serve Defendants with a copy of Plaintiff's complaint. The

///

Court will not direct service until the issues with respect to Plaintiff's non-cognizable claims are resolved.

If Plaintiff believes that he can remedy the claims that were previously found to be non-cognizable, Plaintiff is advised that he should re-state those claims in an amended complaint in a clear and concise fashion. In order to state a claim, Plaintiff must do more than state the facts of his case and offer the bare conclusion that Defendants violated statutes and constitutional amendments. Plaintiff must identify the legal standards that constitute the required elements for each claim. After Plaintiff has identified the elements for each claim, Plaintiff must specifically allege **how** Defendants' conduct meets each element of the claim. Finally, Plaintiff is advised that he should not combine claims and Defendants into a single, convoluted "Cause of Action." **Plaintiff's continued failure to obey this order from the Court may result in this action being dismissed for Plaintiff's failure to obey a court order.**

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not add new, unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations'", "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

9

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request to reinstate the Court's order directing service of the complaint on Defendants is DENIED;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed **only** on the claims identified as cognizable in the Court's February 26, 2009 screening order, or

    b. File an amended complaint curing the deficiencies identified by the Court in its February 26, 2009 screening order; and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   January 3, 2010**              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE