# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, | CASE NO. 1:08-cv-01186-LJO-SKO PC |
| Plaintiff, | ORDER MODIFYING DISCOVERY AND SCHEDULING ORDER |
| v. | Amended Discovery Cut-off Date: April 15, 2011 |
| D. ADAMS, et al., | Amended Dispositive Motion Deadline: May 31, 2011 |
| Defendants. | |

Plaintiff Danny James Cohea ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 21, 2011, Defendants Adams, Jones, and Vela-Lopez ("Defendants") filed a request for an updated discovery and scheduling order to reset all the discovery deadlines set in this case. (Doc. #55.) Defendants seek to reset the discovery deadlines because it is unclear whether Defendants Hicinbothem and Kush will be served and make appearances in this action.

This action proceeds on Plaintiff's claims against Defendants Adams, Jones, Vela-Lopez, Hicinbothem, and Kush. Defendants Adams, Jones, and Vela-Lopez have already been served and have made appearances in this action. However, summonses were returned unexecuted as to Defendants Hicinbothem and Kush. In an order issued concurrently with this order, the Court ordered Plaintiff to show cause why Hicinbothem and Kush should not be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m).

Counsel for Defendants Adams, Jones, and Vela-Lopez anticipate representing Defendants Hicinbothem and Kush in the event that they are served and make appearances in this action. Since

it is uncertain whether Hicinbothem and Kush will be served, counsel for Defendants seek to amend the discovery and scheduling order to permit them to wait until the issue is resolved before deposing Plaintiff. Defendants seek to avoid conducting multiple depositions and incurring the cost of traveling to Corcoran, California, twice. They seek to avoid conducting a deposition on behalf of Defendants Adams, Jones, and Vela-Lopez, only to conduct another deposition after Defendants Hicinbothem and Kush make their appearances. Defendants state that "[n]o discovery has yet been undertaken due to a desire to have all Defendants represented by Counsel before traveling to take the deposition of Plaintiff/Inmate Cohea who is incarcerated at Corcoran State Prison in Corcoran, California." (Request for Updated Scheduling and Discovery Order After Service or Dismissal of All Named Defendants 2:11-13, ECF No. 55.).

The Court understands Defendants' desire to consolidate the discovery process to save time and money. Defendants may not, however, avoid conducting discovery within the deadlines set forth in the case simply because it is more convenient for them to wait and determine whether Hicinbothem and Kush make their appearances in this action. It is unclear why Defendants did not propound interrogatories, document production requests, or requests for admission relevant to their defenses regardless of whether Hicinbothem or Kush appears in this action. The Court also notes that Defendants were previously granted an extension of the discovery deadline.[1]

While Defendants' arguments are unpersuasive, the Court recognizes that there was some ambiguity regarding the claims being raised in this lawsuit caused by Plaintiff's motions for reconsideration and his appeal to the Ninth Circuit.[2] The scope of this lawsuit was not clearly defined until the September 14, 2010, order dismissing certain claims from Plaintiff's complaint. Plaintiff's appeal was denied on June 21, 2010.

---

[1] The original discovery and scheduling order was issued on December 9, 2009 setting forth a discovery cut-off date of August 9, 2010. (Doc. #36). The Court subsequently granted Defendants' requested for a 120-day extension of the discovery cut-off date.

[2] When the Court screened Plaintiff's complaint, it found that Plaintiff stated some cognizable claims and some non-cognizable claims. The Court provided Plaintiff with leave to amend his complaint to clarify his non-cognizable claims. Plaintiff requested reconsideration because he refused to amend his complaint and insisted that he be able to proceed on the claims that were found to be non-cognizable. After the Court denied his request for reconsideration, Plaintiff filed an appeal to the Ninth Circuit.

1     Accordingly, the Court will amend the discovery and scheduling order. **All discovery, including filing motions to compel, must be completed by April 15, 2011. Any dispositive motions must be filed by May 31, 2011.** To the extent that Defendants are required to schedule a deposition before it is clear whether Hicinbothem and Kush will be dismissed from this action, Defendants are advised that they must accept the possibility that they may have to travel to Corcoran, California, more than once, to conduct depositions. The Court will not grant a further postponement of the discovery deadlines simply for Defendants' convenience.

    Based on the foregoing, it is HEREBY ORDERED that:

1. The deadline for conducting all discovery is extended through April 15, 2011; and
2. The deadline for filing dispositive motions is extended through May 31, 2011.

IT IS SO ORDERED.

**Dated:   January 28, 2011**            /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE