# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>        Plaintiff,<br><br>    v.<br><br>D. ADAMS, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:08-cv-01186-LJO-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO PROVIDE ADDITIONAL INFORMATION IDENTIFYING DEFENDANT HICINBOTHEM AND RELIEVING L. HICINBOTHEM FROM OBLIGATION TO FILE ANSWER TO COMPLAINT PENDING PLAINTIFF'S RESPONSE<br><br>THIRTY-DAY DEADLINE |

Plaintiff Danny James Cohea, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 13, 2008. On August 25, 2010, the United States Marshal returned the summons and USM-285 form for Defendants N. Hicinbothem and N. Kush, unexecuted. (ECF No. 52.) The Court issued an order to show cause why Defendants N. Hicinbothem and N. Kush should not be dismissed from the action for failure to serve on January 25, 2011. (ECF No. 56.) Plaintiff filed a response on March 1, 2011, and the Marshal was ordered to re-serve Defendants N. Hicinbothem and N. Kush on April 8, 2011. (ECF Nos. 58, 60.) The Marshal was able to locate and serve Defendant Kush, however on May 31, 2011, Defendants filed a request for an extension of time, which also stated that during 2008 there were three employees in the appeals unit at Corcoran by the name of Hicinbothem. (ECF No. 62.) None of them have a first initial of N. The Marshal has served L. Hicinbothem, however this individual did not work at Corcoran during the time period alleged in the complaint. L. Hicinbothem shall be relieved of the obligation to file an answer to the complaint pending Plaintiff's response to this order.

Before the court will issue another service order, Plaintiff must provide the full name and current address of this defendant. If Plaintiff is unable to provide a full name, he must provide alternate information – such as a partial name, title, gender, work assignment, work schedule, etc. – sufficient for the Marshal or the CDCR to identify the defendant for service. If Plaintiff is in possession of any documents signed by this defendant, a copy may be helpful in identifying the individual. If Plaintiff is unable to provide a current address for this defendant, he must at least provide any other available information to enable the Marshal to identify the individual to be served. Plaintiff is cautioned that service cannot go forward unless he provides enough information, and unsuccessful service may result in this defendant being dismissed. It is Plaintiff's responsibility to identify the defendants named in his complaint. Plaintiff shall be granted thirty days in which to respond to this order with additional information about the defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, Plaintiff shall send a written response to the Court, providing the full name and current address of defendant Hicenbothem for purposes of service in this action;

2. If plaintiff is unable to provide a full name and current address, he must supply sufficient alternate information, such as a partial name, title, work assignment, work schedule, last known address, or other similar information to enable the United States Marshal and the CDCR to identify and locate defendant Hicenbothem for service of process in this action;

3.. Plaintiff's failure to provide sufficient information for service of defendant Hicenbothem shall result in the dismissal of this defendant from this action for failure to serve process.

IT IS SO ORDERED.

Dated:   June 1, 2011                             /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE