# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, | CASE NO. 1:08-cv-01186-LJO-SMS PC |
| Plaintiff, | ORDER DISMISSING DEFENDANT N. HICINBOTHEM FOR FAILURE TO EFFECT SERVICE OF PROCESS |
| v. | |
| D. ADAMS, et al., | (ECF No. 66, 72) |
| Defendants. | |

Plaintiff Danny James Cohea, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 13, 2008. On November 30, 2009, the United States Marshal returned the summons and USM-285 form for Defendant N. Hicinbothem unexecuted. (ECF No. 34.) On August 25, 2010, the United States Marshal returned the second summons and USM-285 form for Defendant N. Hicinbothem unexecuted. (ECF No. 52.) The Court issued an order to show cause why Defendant N. Hicinbothem should not be dismissed from the action for failure to serve on January 25, 2011. (ECF No. 56.) Plaintiff filed a response on March 1, 2011, and the Marshal was ordered to re-serve Defendant N. Hicinbothem on April 8, 2011. (ECF Nos. 58, 60.) On May 31, 2011, Defendants filed a request for an extension of time, which also stated that during 2008 there were three employees in the appeals unit at Corcoran by the name of Hicinbothem. (ECF No. 62.) None of them have a first initial of N. An order issued on June 2, 2011, requiring Plaintiff to provide additional information to identify the person to be served. (ECF No. 66.) On July 6, 2011, Plaintiff filed a response. (ECF No. 72.)

Plaintiff responds with accusations of misconduct by defense counsel and the Court. Plaintiff

fails to provide further information identifying the person to be served, stating that both Hicinbothems should be served.[1] Plaintiff's complaint was found to state a cognizable claim against a single individual named N. Hicinbothem. Plaintiff has been advised that the information he provided is insufficient to identify the defendant to be served and he has been given two opportunities to provide additional information to identify the defendant. (ECF No. 56, 66.) Plaintiff has failed to comply with the Court's order and provide information sufficient to identify the person to be served.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties . . . ." Walker, 14 F.3d at (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)). As long as the plaintiff has provided "information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's dismissal of the unserved defendants is appropriate. The Court fails to find good cause to order the United States Marshal to make a fourth attempt at service.

Accordingly, Defendant Hicinbothem is HEREBY DISMISSED from this action, without prejudice, for Plaintiff's failure to effect service pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

**Dated:   August 3, 2011**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

---

[1] Although Plaintiff is now stating that his claims are against both Hicinbothems employed at Corcoran, he has failed to file an amended complaint alleging claims against these two individuals.