# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

Plaintiff,

v.

D. ADAMS, et al.,

Defendants.

_______________________________________/

CASE NO. 1:08-cv-01186-LJO-SMS PC

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS PREMATURE

(ECF No. 61)

ORDER DENYING PLAINTIFF'S MOTION FOR HEARING REGARDING DISCOVERY DISAGREEMENTS AND REQUEST FOR SANCTIONS

(ECF Nos. 68, 71, 73)

THIRTY-DAY DEADLINE

## I. Procedural History

Plaintiff Danny James Cohea, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 13, 2008. Following Defendants D. Adams, J. Jones, and I. Vela-Lopez filing an answer to the complaint, discovery in this action opened on December 9, 2009. The discovery cut-off date was August 9, 2010. Plaintiff filed a notice of appeal as to the screening order on May 24, 2010, which was denied on June 14, 2010. On June 21, 2010, a second order directing service on Defendants N. Hicinbothem and N. Kush issued. On August 9, 2010, Defendants filed a motion for an extension of the discovery cut-off date. On September 14, 2010, an order adopting the findings and recommendations issued dismissing certain claims and defendants and setting forth the claims proceeding in this action. Plaintiff failed to file an opposition to the motion to amend the scheduling order and the Court granted Defendants' motion

for a 120 day extension of time in which to conduct discovery on September 21, 2010.

On January 21, 2011, Defendants filed a motion to amend the scheduling order due to two defendants still being unserved. The Court found that the fact that there were unserved defendants did not warrant extending the discovery cut-off date, however there was ambiguity in the claims found to be cognizable due to Plaintiff's motions for reconsideration and Plaintiff's appeal to the Ninth Circuit. The claims at issue in this action were not clearly defined until the order dismissing certain claims and defendants issued on September 14, 2010. Accordingly, the Court issued an amended discovery and scheduling order with the discovery cut-off date extended to April 15, 2011. Currently before the Court are Plaintiff's motion to compel, filed April 15, 2011, and Plaintiff's motion for a hearing regarding discovery disagreements and request for sanctions, filed June 3, 2011. (ECF Nos. 61, 68.) Defendants filed an opposition to Plaintiff's motion for a hearing and request for sanctions on June 23, 2011 and Plaintiff filed a reply on July 6, 2011. (ECF Nos. 71, 73.)

## II. Motion to Compel

Plaintiff filed a precautionary motion to compel in case Defendants fail to respond to his discovery requests. Plaintiff is advised that discovery is self executing and the opposing party is to have an opportunity to respond to discovery requests prior to requesting intervention of the Court. The Court will only become involved where there is a discovery dispute. Plaintiff's motion was filed before Defendants had an opportunity to respond to his discovery request and is denied as it is premature.

## III. Motion for Hearing Regarding Discovery Disagreements and Request for Sanctions

### A. Argument

Plaintiff claims that Defendants acted in bad faith to obtain extensions of time to take his deposition. Plaintiff argues that Defendants moved to amend the discovery order too late to comply with the Court's order that he be noticed of a deposition within fourteen days. Defendants informed the Court that they would travel to the prison to take Plaintiff's deposition, but Plaintiff was deposed by video conference on April 7, 2011. Plaintiff submitted requests for admissions, interrogatories, and productions of documents to Defendants a week before the discovery cut-off deadline and Defendants failed to respond. Plaintiff moves for a hearing regarding the discovery disagreements

between the parties and requests that the Court dismiss Defendants motion for summary judgment as a sanction for Defendants failing to comply with the discovery rules.

Defendants respond that the discovery and scheduling order was amended on January 21, 2011, due to an ambiguity in the claims found to be cognizable in the screening order. Due to the ambiguity the Court allowed the parties additional time to conduct discovery. While this Court did not grant Defendants' request to extend the discovery deadline until all defendants were served other courts have granted such a request and defendants made the argument in the interest of efficiency.

In the past defense counsel has taken the deposition of inmates at the prison in which they are housed. However, recently the decision was made to conduct depositions by video conference since a service was available to allow video conferencing with inmates. Plaintiff's deposition was one of the first video depositions conducted by defense counsel and was conducted prior to the discovery cut-off date. However, Plaintiff did not serve his discovery requests until two days before the discovery cut-off date. Counsel has discovered that Plaintiff has been involved in ten lawsuits and due to his litigation experience he would be on notice that he could not file discovery requests and a precautionary motion to compel just prior to the discovery cut-off date.

Plaintiff submits a sixteen page reply arguing that the Court should not have granted Defendants' requests for an extension of the discovery deadline, Defendants misled the Court regarding his deposition and then waited until just prior to the discovery cut-off date to conduct his deposition, and his discovery requests were timely because they were served prior to the discovery cut-off date of April 15, 2011.

**B. <u>Discussion</u>**

While Plaintiff complains that the Court granted an excessive amount of time for discovery, the Court enjoys "wide discretion in controlling discovery." <u>Little v. City of Seattle</u>, 863 F.2d 681, 685 (9th Cir. 1989). Both of Defendants' motions to amend the discovery and scheduling order were timely filed. The first motion was granted based upon Plaintiff's failure to object. In deciding the second motion to amend the discovery and scheduling order, the Court found that the claims were not clearly defined until September 14, 2010. Due to the timing of the order defining the claims that were proceeding in the action, the Court determined that the parties should have additional time to

conduct discovery. While discovery had been opened for a period of time prior to the September 14, 2010 order, it was unclear which claims were proceeding in this action. At the time that the January 31, 2011 order issued the parties had only had approximately four months to conduct discovery on the clarified claims. It is this Court's general practice to schedule eight months for discovery to allow the parties to propound discovery, receive responses, and file a motion to compel, if necessary. The decision to extend the discovery deadline to allow additional time to conduct discovery was within the discretion of the Court.

Plaintiff alleges that Defendants have engaged in misconduct due to misleading the Court by stating in their motion that they would conduct Plaintiff's deposition in person. The Court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). This includes the "inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Anheuser-Busch, Inc. V. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (quoting Wyle v. R. J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983)); see Combs v. Rockwell Intern. Corp., 927 F.2d 486, 488 (9th Cir. 1991) ("Dismissal is an appropriate sanction for falsifying deposition"). "It is well settled that dismissal is warranted where . . . a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings. . . ." Anheuser-Busch, Inc., 69 F.3d at 348.

Plaintiff argues that the issuance of the orders extending discovery were granted based upon the representation that depositions would be conducted in person and since his deposition was done by video conference Defendants misled the Court. Defense counsel has stated in a signed declaration, executed under penalty of perjury, that until recently the law firm did not have the set up for video conferencing at the prison and this was one of the first video depositions conducted by counsel. The Court does not find that Defendants have acted in bad faith by representing to the Court that they would take Plaintiff's deposition in person.

The Court fails to understand Plaintiff's argument regarding the timing of his deposition. The discovery cut-off date was April 15, 2011, and Defendants conducted Plaintiff's deposition on

April 7, 2011. Plaintiff's deposition was taken within the time period granted for discovery and the fact that it was one week prior to the discovery cut-off date is irrelevant.

Additionally, Plaintiff complains that Defendants did not respond to his discovery requests that were propounded just prior to the discovery cut-off date. Although Plaintiff was aware that discovery opened in this action on December 9, 2009, he waited until April 2011, to propound discovery requests. The discovery and scheduling order issued December 9, 2009, informed the parties of the rules regarding propounding and responding to discovery. Additionally, the order stated that all discovery, including filing motions to compel, must be completed prior to the discovery cut-off date. Plaintiff could not reasonably believe that his discovery requests were timely, given that Defendants' responses would not be due until forty five days after the requests were served. The discovery and scheduling order made it clear that discovery must be **completed** prior to the discovery cut-off date. To be timely Plaintiff's discovery requests would have to be served at least forty five days prior to the discovery cut-off date. Plaintiff discovery requests were untimely and Defendants do not have to respond to the untimely requests.

## IV. Conclusion and Order

Based on the foregoing, the Court acted within its discretion in issuing the amended discovery and scheduling orders, Defendants have not engaged in any bad faith conduct to warrant sanctions, Plaintiff's discovery requests were untimely, and Plaintiff's motion to compel was premature.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed April 15, 2011, is DENIED as premature;
2. Plaintiff's motion for a hearing regarding discovery disagreements and request for sanctions, filed June 3, 2011, is DENIED;
3. Within thirty days from the date of service of this order, Plaintiff shall file an opposition or statement of non-opposition to Defendants' motion for summary judgment; and

///

///

4. The failure to respond to Defendants' motion in compliance with this order will result in dismissal of this action, with prejudice, for failure to prosecute.

IT IS SO ORDERED.

**Dated: September 2, 2011** **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE