# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, | CASE NO. 1:08-cv-01186-LJO-SMS PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| D. ADAMS, et al., | (ECF No. 77.) |
| Defendants. | |

On August 3, 2011, an order issued dismissing Defendant N. Hicenbothem from this action for Plaintiff's failure to effect service of process. (ECF No. 74.) Plaintiff filed a motion for reconsideration on September 7, 2011. (ECF No. 77.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . ., (3) fraud . . . misrepresentation, or misconduct by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).
released or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Where none of these factors is present the motion is properly denied. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991).

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist

1  which did not exist or were not shown upon such prior motion, or what other grounds exist for the
2  motion," and "why the facts or circumstances were not shown at the time of the prior motion."

3        "A motion for reconsideration should not be granted, absent highly unusual circumstances,
4  unless the district court is presented with newly discovered evidence, committed clear error, or if
5  there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or
6  present evidence for the first time when they could reasonably have been raised earlier in the
7  litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.
8  2009) (internal quotations marks and citations omitted) (emphasis in original).

9        Plaintiff argues that the Court erred in dismissing Defendant Hicinbothem from this action.
10 The complaint does not allege a single defendant named N. Hicinbothem and, therefore, the Court
11 should serve both employees named D. Hicinbothem. A review of the pleadings shows that Plaintiff
12 listed one individual named N. Hicinbothem in his complaint. (Compl. 3, ECF No. 1.) Additionally,
13 the Court notes that the order requiring Plaintiff to file an amended complaint or notify the Court that
14 he was willing to proceed on the claims found to be cognizable listed a single defendant named
15 Hicinbothem. (ECF No. 12.) Plaintiff filed a response to the order on March 27, 2009, and an
16 objection to findings and recommendations recommending the action be dismissed for Plaintiff's
17 failure to comply with a court order on April 13, 2009. (ECF Nos. 13, 15.) A review of these
18 documents shows that Plaintiff did not mention any error in the order finding only one defendant
19 named Hicinbothem. The Court finds that Plaintiff's complaint only alleged claims against a single
20 defendant named Hicinbothem and the Court did not err in dismissing the defendant because
21 Plaintiff failed to identify the individual to be served.

22       Finally, Plaintiff's accusations of misconduct by the defense counsel and the Court are not
23 extraordinary circumstances that would entitle Plaintiff to reconsideration of the order.  Plaintiff's
24 opposition is devoid of any ground entitling Plaintiff to reconsideration of the Court's order and is
25 HEREBY DENIED.

26       IT IS SO ORDERED.

27 **Dated:  September 29, 2011**                    /s/ Lawrence J. O'Neill
                                                                         UNITED STATES DISTRICT JUDGE
28