UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, | CASE NO. 1:08-cv-01186-LJO-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (ECF No. 80) |
| D. ADAMS, et al., | |
| Defendants. | |

Plaintiff Danny James Cohea, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 13, 2008. On September 2, 2011, an order issued denying Plaintiff's motion to compel as premature and denying Plaintiff's motion for a hearing regarding discovery disagreements and sanctions. (ECF No. 76.) Plaintiff filed a motion for reconsideration on September 29, 2011. (ECF No. 80.) Plaintiff brings this motion arguing that the Magistrate Judge's ruling was an abuse of discretion and exhibits partiality to Defendants in this action.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . .from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Where none of these factors is present the motion is properly denied. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991).

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order

for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." <u>Id.</u> (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff filed a precautionary motion to compel which was denied as premature. Discovery is self executing and the opposing party is to have an opportunity to respond to discovery requests prior to requesting intervention of the Court. The Court will only become involved where there is a discovery dispute. Where a party has failed to answer a question, answer an interrogatory, or permit inspection of a document the requesting party may move for an order to compel an answer, production, or inspection. Fed. R. Civ. Proc. 37(a)(3)(B). Plaintiff filed his motion prior to receiving responses from Defendants and the Magistrate Judge did not err in denying the motion to compel.

Additionally, the Magistrate Judge denied Plaintiff's motion for a hearing regarding discovery agreements and sanctions. Plaintiff continues to argue that the Defendants violated the discovery and scheduling order, acted in bad faith, and submitted fraudulent documents to the Court to obtain their extension of time to conduct discovery. The Magistrate Judge reviewed the pleadings and arguments of the parties and found that Defendants did not engage in any improper conduct and no violation of the discovery deadlines occurred. The Magistrate Judge did not abuse her discretion in denying Plaintiff's motions.

Plaintiff also claims that orders of the Court demonstrate that the Magistrate Judge exhibited partiality to Defendants in this action. Plaintiff states that the order issued by Judge Snyder

1  wrongfully construed that the claims in this action were not clearly defined until the order issued on
2  September 14, 2010. Initially, the Court notes that the order finding that the claims were not clearly
3  defined until September 14, 2010, was issued by Judge Oberto. Judge Oberto issued the order
4  extending discovery based upon the ambiguity that existed due to the delay in issuing the order
5  adopting the findings and recommendations because Plaintiff had filed an appeal. (ECF No. 57.)
6  While Plaintiff argues that the claims were clearly defined, since the order adopting the findings and
7  recommendations had not issued, the findings and recommendations could have been rejected by the
8  District Court. Therefore, until the issuance of the order adopting there was ambiguity as to which
9  claims were proceeding in this action.
10         Additionally, Plaintiff argues that Judge Snyder showed favoritism by finding that
11  Defendants motions to amend the scheduling order were timely filed. Plaintiff argues that the fact
12  that the motions for an extension of time were filed on the discovery deadline shows they were filed
13  for an improper purpose. However, the Court fails to see how filing a motion for an extension of
14  time on the deadline demonstrates an improper purpose. A motion for an extension of time is timely
15  if it is filed on the due date.
16         Plaintiff argues that granting Defendant' motion to amend the scheduling order demonstrates
17  that Judge Snyder was partial to Defendants because the prior order stated that further motions would
18  not be granted absent good cause. However, good cause was found to grant Defendants motion to
19  amend the scheduling order. Additionally, in this instance there is an additional defendant that has
20  been served and, on June 6, 2011, discovery was opened for the newly served defendant. The Court
21  may also consider the interest of judicial economy in deciding the motion to amend the scheduling
22  order. Given the huge prisoner caseload of the court and the fact that discovery is still proceeding
23  in this action, it was within the discretion of the court to allow an extension of time to file a
24  dispositive motion.
25         The Court finds unpersuasive Plaintiff's arguments that Judge Snyder was erroneous in ruling
26  that his discovery requests, propounded a week prior to the discovery cut-off date, were untimely.
27  Plaintiff states that the orders granting an extension of time did not restate that requests must be
28  served forty five days prior to the cut-off date. Even assuming that Plaintiff did believe the forty five

days was not required, the Federal Rules still require thirty days for responses to be served. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). Plaintiff's requests were untimely under either interpretation of the order. Since discovery had closed in this action and no discovery issued remained to be decided the Magistrate Judge did not err in denying Plaintiff's motion for a hearing and sanctions. Plaintiff's disagreement with the order of the Court is not a basis for reconsideration.

Plaintiff claims that the order of the Court deprives him of his right to oppose Defendants' motion for summary judgment. Plaintiff argues that pursuant to Federal Rule of Civil Procedure 56(f), he should be granted an opportunity to conduct additional discovery so he can oppose Defendants' motion for summary judgment. Plaintiff quotes the former language of Federal Rule of Civil Procedure 56(f)[1] in bringing his motion. However, on December 1, 2007, the language of the Rule was changed and the motion is properly brought under Federal Rule of Civil Procedure 56(d), which states in relevant part "[i]f a nonmovant shows by affidavit or declaration that for specific reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations to take discovery. . . ." The party seeking relief under Rule 56(d) is required to "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006). The Court has the discretion of allowing additional time for discovery under Rule 56(d). However, discovery in this action opened on December 9, 2009, and Plaintiff had approximately sixteen months to conduct discovery. In finding that Plaintiff had ample time to conduct discovery, the Magistrate Judge did not err or abuse her discretion.

Finally, although Plaintiff alleges that the Magistrate Judge showed partiality to Defendants by granting their motions for extensions of time but denying his motions, Plaintiff did not file a motion to amend the scheduling order. Although Plaintiff's asserts that his discovery requests were timely propounded, he is incorrect. There is no reading of the Federal Rules that supports his argument that discovery served two days prior to the discovery cut-off date is timely.

---

[1] Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. Fed. R. Civ. Proc. 56(f) (West 2007).

1  Plaintiff has failed to show that extraordinary circumstances exist that entitle him to relief.
2  <u>Harvest</u>, 531 F.3d at 749.  Plaintiff had ample opportunity to propound discovery on Defendants
3  Adams, Jones, and Vela-Lopez and his failure to propound discovery within the deadlines does not
4  entitle him to relief, nor did the Magistrate Judge abuse her discretion or err in denying Plaintiff's
5  motions.

6  Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for
7  reconsideration, filed September 29, 2011, is DENIED.

8  IT IS SO ORDERED.

9  **Dated:   October 18, 2011**          /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE