# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, | CASE NO. 1:08-cv-01186-LJO-BAM PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE |
| v. | |
| D. ADAMS, et al., | |
| Defendants. | |

    Plaintiff Danny James Cohea, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 13, 2008. On August 30, 2011, Defendants filed a motion for summary judgment. (ECF No. 75.) On September 2, 2011, an order issued denying Plaintiff's motion to compel and directing him to file an opposition to the motion for summary judgment within thirty days. (ECF No. 76.) Plaintiff was granted a sixty day extension of time on October 4, 2011. (ECF No. 81.) More than sixty days have passed and Plaintiff has not filed a response to the motion for summary judgment.

    Plaintiff was warned that the failure to file a response to Defendants' motion would result in dismissal of the action, with prejudice, for failure to prosecute. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's

1  need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
2  disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re
3  Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006)
4  (internal quotations and citations omitted). These factors guide a court in deciding what to do, and
5  are not conditions that must be met in order for a court to take action. Id. (citation omitted).

6  "'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.
7  (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action
8  has been pending more than three years. Plaintiff is obligated to comply with the Federal Rules of
9  Civil Procedure, the Local Rules, and court orders. Plaintiff failed to comply with the order
10 requiring him to respond to Defendants' motion for summary judgment. The Court cannot
11 effectively manage its docket if a party ceases litigating the case. Thus, both the first and second
12 factors weigh in favor of dismissal.

13 Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and
14 of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the
15 risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's
16 failure to comply the Court's order that is causing delay. Therefore, the third factor weighs in favor
17 of dismissal.

18 As for the availability of lesser sanctions, at this stage in the proceedings there is little
19 available to the Court which would constitute a satisfactory lesser sanction while protecting the
20 Court and the State of California from further unnecessary expenditures of their scare resources.
21 Plaintiff is proceeding pro se and is a prisoner, making monetary sanctions likely of little use, and
22 given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect
23 on a plaintiff who has ceased litigating the case.

24 Finally, because public policy favors disposition on the merits, this factor usually weighs
25 against dismissal. Id. at 643. However, "this factor lends little support to a party whose
26 responsibility it is to move a case toward disposition on the merits but whose conduct impedes
27 progress in that direction," as is the case here. In re Phenylpropanolamine (PPA) Products Liability
28 Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted).

     Based on Plaintiff's failure to comply to with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. In re PPA, 460 F.3d at 1228. This action, which has been pending since 2008, can proceed no further without Plaintiff's cooperation and compliance with court orders, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id.

     Accordingly, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for Plaintiff's failure to prosecute; and
2. All pending motions are terminated.

     IT IS SO ORDERED.

**Dated:   December 21, 2011**                   **/s/ Lawrence J. O'Neill**
                                                         UNITED STATES DISTRICT JUDGE