# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>D. ADAMS, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:08-cv-01186-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 88) |

　　　　Plaintiff Danny James Cohea, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 13, 2008.  On December 21, 2011, this action was dismissed for Plaintiff's failure to prosecute and judgment was entered.  (ECF Nos. 86, 87.)  Plaintiff filed a motion for reconsideration on January 4, 2012.  (ECF No. 88.)

　　　　Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . .from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . or (6) any other reason that justifies relief."  Fed. R. Civ. Proc. 60(b).  Where none of these factors is present the motion is properly denied.  <u>Fuller v. M.G. Jewelry</u>, 950 F.2d 1437, 1442 (9th Cir. 1991).

　　　　Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.

1

1  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation
2  omitted).  The moving party "must demonstrate both injury and circumstances beyond his control
3  . . . ."  Id. (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in
4  relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist
5  which did not exist or were not shown upon such prior motion, or what other grounds exist for the
6  motion," and "why the facts or circumstances were not shown at the time of the prior motion."

7        "A motion for reconsideration should not be granted, absent highly unusual circumstances,
8  unless the district court is presented with newly discovered evidence, committed clear error, or if
9  there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or
10 present evidence for the first time when they could reasonably have been raised earlier in the
11 litigation."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.
12 2009) (internal quotations marks and citations omitted) (emphasis in original).

13       Plaintiff was ordered to file an opposition or statement of non-opposition to Defendants'
14 motion for summary judgment within thirty days on September 2, 2011. (ECF No. 76.) Plaintiff was
15 granted an additional sixty days to file his opposition on October 4, 2011. (ECF No. 81.) Plaintiff
16 filed a motion for clarification on November 21, 2011.  (ECF No. 84).  In the motion for
17 clarification, Plaintiff did not move for an extension of time to conduct discovery prior to responding
18 to the motion for summary judgment, but requested clarification because he argued that the order to
19 respond superceded the discovery and scheduling order issued June 6, 2011.  On November 28,
20 2011, the Magistrate Judge issued an order addressing Plaintiff's arguments and explaining that if
21 Plaintiff believed that additional discovery was necessary prior to opposing the motion for summary
22 judgment Plaintiff needed to file a motion prior to the date his response was due. (ECF No. 85.)
23 Plaintiff failed to file a motion or objection.  Plaintiff's additional arguments have previously been
24 considered and addressed  in orders denying his prior motions for reconsideration. (ECF Nos. 78,
25 83.)

26       To the extent that Plaintiff's motion for clarification could be construed as a motion brought
27 under Fed. R. Civ. P. 56(d), if the party opposing the motion believes he can not oppose the motion
28 for summary judgment on the merits without discovery, the burden is on him to review Defendants'

2

1 motion, determine what discovery is necessary to oppose the motion, and make the requisite showing
2 in a Rule 56(d) motion. Rule 56(d), formerly Rule 56(f), provides, "If a nonmovant shows by
3 affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its
4 opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain
5 affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ.
6 P. 56(d). To prevail on a Rule 56(d) motion, Plaintiff must file a timely motion specifically
7 identifying the relevant information sought, where there is some basis for believing that the
8 information actually exists. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009)
9 (quotation marks and citation omitted). Plaintiff must demonstrate that the evidence sought actually
10 exists and that it would prevent summary judgment. Blough, 574 F.3d at 1091 n.5 (quotation marks
11 and citation omitted). Plaintiff's motion for clarification was devoid of any reference to relevant
12 information that he was seeking to prevent summary judgment. Plaintiff merely argued that the
13 scheduling order was superceded by the order to respond to the summary judgment motion. Plaintiff
14 did not identify the specific information he was seeking, demonstrate that it actually exists, and that
15 it would prevent summary judgment, therefore Plaintiff was not entitled to relief under Rule 56(d).

16     Plaintiff has failed to set forth any grounds entitling him to reconsideration of the order
17 dismissing this action, with prejudice. Accordingly, Plaintiff's motion for reconsideration, filed
18 January 4, 2012, is HEREBY DENIED.

19     IT IS SO ORDERED.

20 **Dated:   January 26, 2012**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE